O

# United States District Court
# Central District of California

| | |
|---|---|
| HECTOR PORTALUPPI, et al.,<br><br>                    Plaintiffs,<br><br>            v.<br><br>FORTIFI FINANCIAL, INC. (f/k/a Energy Efficient Equity, Inc.), et al.<br><br>                    Defendants. | Case No. 2:20-cv-7959-ODW (RAOx)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS [29] AND DENYING DEFENDANTS' MOTION TO STRIKE CLASS ALLEGATIONS [30]** |

## I.   INTRODUCTION

Plaintiffs Hector and Carmen Portaluppi initiated this putative class action against Defendants FortiFi Financial, Inc. (f/k/a Energy Efficient Equity, Inc.) and the County of Los Angeles based on allegations that the County and private financing contractors like FortiFi are scamming low-income California homeowners. (First Am. Compl. ("FAC"), ECF No. 25.)  Presently before the Court are Defendants' Motion to Dismiss Plaintiffs' FAC and Motion to Strike Class Allegations, which are both fully briefed.[1]  (*See* Mot. Dismiss ("Mot."), ECF No. 29; Opp'n MTD, ECF No. 36;

---

[1] Defendants request that the Court judicially notice several publicly-filed documents from state courts and the Recorder for the County of Los Angeles.  (Req. for Judicial Notice ("RJN"), ECF No. 33.)  A court may take judicial notice of court filings and other matters of public record.  *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of

Reply MTD, ECF No. 39; Mot. Strike, ECF No. 30, Opp'n Mot. Strike, ECF No. 37; Reply Mot. Strike, ECF No. 40.)  For the reasons discussed below, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss and **DENIES** Defendants' Motion to Strike Class Allegations.[2]

## II.  BACKGROUND[3]

Plaintiffs are a married couple in their seventies residing in Los Angeles, California. (FAC ¶ 1.)  In October 2018, two salespeople associated with non-party Eco Tech visited Plaintiffs' home and pitched a "government program" that would cover the costs of green-energy improvements on their home.  (*Id.* ¶ 3.)  The salespeople were referring to California's Property Assessed Clean Energy Program ("PACE"), which allows California homeowners to finance green-energy upgrades to their homes through property tax assessments ("PACE Loans") that are levied and collected by local governments.  (*Id.* ¶ 23.)  All Pace Loans are contractual in nature and "homeowners must voluntarily agree in writing to have secured liens placed on their property" ("PACE Liens") in exchange for the green-energy improvements.  (*Id.* ¶ 24.)

Plaintiffs allowed the Eco Tech salespeople to conduct a walkthrough of their home to find potential green-energy improvements eligible under the program. (*Id.* ¶ 4.)  After the walkthrough, the salespeople provided Plaintiffs with a list of eligible improvements, including energy efficient appliance installations and a replacement air-duct.  (*Id.*)  In reliance on the salespeople's representations, Plaintiffs disclosed their personally identifiable information ("PII") to "confirm their eligibility"

---

pleadings, memoranda, and other court filings).  Defendants' requested documents, however, are not pertinent to the Court's disposition of this matter.  Accordingly, the Court **DENIES** Defendants' RJN **as moot**.

[2] Having carefully considered the papers filed in connection with the Motions, the Court deemed the matters appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

[3] All factual references derive from Plaintiffs' FAC, unless otherwise noted, and well-pleaded factual allegations are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

in the program. (*Id.* ¶ 5.) Eco Tech used Plaintiffs' PII to forge and falsify PACE Loan applications on their behalf and then sent the falsified documents to FortiFi. (*Id.* ¶ 42.) Eco Tech installed defective upgrades but did not charge Plaintiffs. (*Id.* ¶ 8 n.2.) A year later, Plaintiffs received their tax bill from the County, which increased from approximately $1,431.84 annually, to $8,815.74. (*Id.* ¶ 9.) Plaintiffs discovered the increase was due to a $69,000 secured property tax assessment (PACE Lien) against their home, which was established without their knowledge or consent. (*See id.* ¶ 10.)

Beginning in October 2019, Plaintiffs contacted Defendants to demand relief from the fraudulent PACE Loans which caused the increase in their property taxes. (*Id.* ¶ 11.) Defendants failed to provide Plaintiffs relief, so Plaintiffs obtained a private loan with a 13% annual percentage rate to pay the increased property tax bill. (*Id.* ¶ 13.) "Plaintiffs paid the County more than $7,000" in property taxes and "incurred approximately $1,000 in additional interest charges on the private loan." (*Id.*)

Based on the foregoing, Plaintiffs initiated this action against Defendants asserting claims for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO") under federal law (Counts I–III); elder abuse (Count IV); violations of California Business and Professions Code section 7159.2(b) (Count V); violations of California Unfair Competition Law (Count VI); negligence (Count VII); violations of 42 U.S.C. § 1983 (Counts VIII–IX); breach of contract (Count X); and declaratory judgment (Count XI). Plaintiffs also seek to represent two classes—the first for persons in California who incurred PACE Liens caused by FortiFi, and the second for persons who incurred PACE Liens on their residential properties in Los Angeles County. (*See generally* FAC.) Defendants move to dismiss the FAC based on standing, failure to state a claim, and to strike the class allegations.

### III. MOTION TO DISMISS

The Court first turns to Defendants' Motion to Dismiss for lack of standing under Federal Rule of Civil Procedure ("Rule") 12(b)(1) and for failure to state a claim under Rule 12(b)(6). The Court addresses each issue in turn.

### A. Rule 12(b)(1) – Standing

Defendants contend that Plaintiffs lack standing to bring this action because less than a month after Plaintiffs filed this action, FortiFi mailed Plaintiffs a letter informing them that their disputed tax assessment was released; the letter included a refund check for $7,384.44 to cover the payments that Plaintiffs made toward the assessment. (Mot. 11–13; Decl. of Christopher Nard, Ex. A ("Release"), ECF No. 19-1.) Based on the Release and refund check, Defendants contend that Plaintiffs were "restored . . . to their position prior to the recordation of the PACE Liens, if not better as they ultimately received the energy-efficient improvements for free." (*Id.* at 11 (internal quotation marks omitted).)

Defendants' argument is essentially that the post-lawsuit Release and payment rendered Plaintiffs' claims moot, but this argument falls flat. Mootness resulting in a lack of subject matter jurisdiction occurs when "an opposing party has agreed to *everything* the other party has demanded." *GCB Commc'ns v. U.S. S. Commc'ns, Inc.*, 650 F.3d 1257, 1267 (9th Cir. 2011) (emphasis added). Here, Plaintiffs seek treble damages (under RICO), statutory and punitive damages, permanent injunctive relief, interest accrued on their private loan, and attorneys' fees and costs. (*See* FAC, Prayer for Relief.) It is evident then that the Release and refund check, which does not even include the interest Plaintiffs accrued on the private loan, fails to provide Plaintiffs everything they demand through this action.

Accordingly, Defendants' request to dismiss this action for lack of subject matter jurisdiction based on mootness is **DENIED**.

B.     12(b)(6) – Failure to State a Claim

Next, the Court turns to Defendants' Motion to Dismiss for failure to state a claim.

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). But factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Testing the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. On a Rule 12(b)(6) motion, a court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee*, 250 F.3d at 679. However, a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless "it is clear . . . the complaint could not be saved by any amendment." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1034 (9th Cir. 2008); *see* Fed. R. Civ. P. 15(a) ("The court should freely give leave when justice so requires").

Defendants argue for dismissal under Rule 12(b)(6) on several grounds: (1) Plaintiffs' claims against FortiFi are barred by the litigation privilege; (2) Plaintiffs lack a private right of action to enforce the PACE statutes; (3) Plaintiffs failed to

exhaust purported administrative remedies; and Plaintiffs fail to sufficiently state claims for (4) RICO violations, (5) elder abuse, (6) violations of the California Business and Professions Code, and (7) violations of § 1983. The Court addresses each issue in turn.

### 1. *Litigation Privilege*

Defendants contend that Plaintiffs' claims against FortiFi are barred by California's litigation privilege. (Mot. 13.) Specifically, Defendants claim "publicly recording the PACE Liens is recognized as protected activity and any claims arising from that protected activity . . . are barred" by the litigation privilege. (*Id.*) In opposition, Plaintiffs correctly point out that the PACE Liens are not protected by this privilege. (Opp'n MTD 10–12.)

The litigation privilege provides that "a publication or broadcast made as part of a judicial proceeding is privileged." *Action Apartment Ass'n v. City of Santa Monica*, 41 Cal. 4th 1232, 1241 (2007) (internal quotation marks omitted); Cal. Civ. Code § 47(b). California courts have held that homeowners' assessments liens, which are filed as a first step in foreclosure actions to remedy defaults, are closely related to judicial proceedings and thus protected by the litigation privilege. *See Wilton v. Mountain Wood Homeowners Ass'n*, 18 Cal. App. 4th 565, 569 (1993). In contrast, deeds of trust "are filed with the [home]owners' consent and, at least initially, their purpose is to facilitate credit rather than to collect debts," and thus they are *not* related to judicial proceedings at their inception. *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 347 (1997) (quoting *Wilton*, 18 Cal. App. 4th at 570)).

Here, Plaintiffs allege that a PACE Lien was recorded on their home *in exchange* for the green-energy improvements. (FAC ¶ 24.) In other words, the PACE Lien, at least initially, was meant to facilitate credit rather than to collect a debt. *See LiMandri*, 52 Cal. App. 4th at 347. Plaintiffs do not allege that they defaulted on their property tax bill or that they faced foreclosure. In fact, Plaintiffs allege that they obtained a private loan to avoid those scenarios. (FAC ¶ 13.) Viewing the allegations

in the light most favorable to Plaintiffs, the PACE Liens at issue in this case are like deeds of trust, which are not subject to the litigation privilege at their inception. *See id.* Thus, the Court finds that the PACE Liens are not sufficiently related to judicial proceedings and consequently not subject to the litigation privilege.

Accordingly, Defendants' Motion is **DENIED in part** to the extent Defendants seek to rely on the litigation privilege.

2. *Private Right of Action*

Defendants contend that there is no private right of action for Plaintiffs to assert their claims because the Department of Business Oversight ("DBO") "has exclusive authority over regulating PACE statutes and requirements." (Mot 3, 14–15.) However, Defendants fail to cite to any case that supports their proposition that the DBO's regulatory role destroys a private right of action concerning the PACE statutes. (*See id.*) And it appears Plaintiffs successfully call Defendants' bluff, as Defendants' Reply fails to address their unsupported argument on this point. The Court, therefore, does not consider the issue. *See Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929–930 (9th Cir. 2003) ("However much we may importune lawyers to be brief and to get to the point, we have never suggested that they skip the substance of their arguments in order to do so . . . . We require contentions to be accompanied by reasons); *U.S. v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

Accordingly, Defendants' Motion is **DENIED in part** to the extent Defendants claim Plaintiffs have no private right of action related to the PACE statutes.

3. *Failure to Exhaust Administrative Remedies*

Defendants contend that "Plaintiffs' claims should be dismissed because Plaintiffs failed to exhaust available legal remedies prior to filing suit." (Mot. 16–18.) But again, Defendants fail to provide a single case that states Plaintiffs were required to exhaust some undisclosed "administrative remedies" before they filed this case.

Therefore, the Court does not consider this unsupported argument. *See Indep. Towers of Wash.*, 350 F.3d at 929–930.

Accordingly, Defendants' Motion is **DENIED in part** to the extent Defendants claim Plaintiffs failed to exhaust administrative remedies.

### 4. RICO Violations

Defendants contend that Plaintiffs fail to state a civil RICO claim for mail and wire fraud under 18 U.S.C. § 1962(a) and (c) (Counts I–III) because they have not sufficiently alleged conduct of an enterprise, a pattern, or racketeering activity. (Mot. 17–20.)

"Subsections 1962(a) through (c) prohibit certain patterns of racketeering activity in relation to an enterprise." *United Bhd. of Carpenters & Joiners of Am. v. Bldg. & Constr. Trades Dep't, AFL-CIO*, 770 F.3d 834, 837 (9th Cir. 2014) (brackets and internal quotation marks omitted). "The elements of a civil RICO claim are as follows: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to plaintiff's business or property." *Id.* (quoting *Living Designs, Inc. v. E.I. Dupont de Nemours & Co.*, 431 F.3d 353, 361 (9th Cir. 2005)). "'[R]acketeering activity' includes, *inter alia*, 'any act which is indictable' under the Hobbs Act, 18 U.S.C. § 1951, or 'any act or threat involving . . . extortion, . . . which is chargeable under State law.'" *Id.* (quoting 18 U.S.C. § 1961(1)(A), (B)).

"A 'pattern of racketeering activity' requires at least two predicate acts of racketeering activity, as defined in 18 U.S.C. § 1961(1), within a period of ten years." *Canyon Cnty. v. Syngenta Seeds, Inc.*, 519 F.3d 969, 972 (9th Cir. 2008) (quoting 18 U.S.C. § 1961(5)). As is relevant here, mail fraud and wire fraud qualify as two predicate acts under RICO. 18 U.S.C. §§ 1341, 1343. Rule 9(b) requires a plaintiff to plead mail and wire fraud with particularity; the plaintiff must set forth the time, place, and contents of the alleged false representation. *See California Pharmacy Mgmt., LLC v. Zenith Ins. Co.*, 669 F. Supp. 2d 1152, 1159 (C.D. Cal. 2009).

Upon review of the FAC, the Court finds that Plaintiffs sufficiently allege the first two elements of a civil RICO claim ("conduct" of an "enterprise"); however, Plaintiffs' allegations fail to demonstrate a pattern of racketeering activity. Plaintiff claim that the "FAC alleges FortiFi's multiyear pattern of mail fraud, wire fraud, and other predicate acts in *painstaking detail*." (Opp'n MTD 22 (emphasis added).) But in their Opposition Plaintiffs do not point to a single paragraph of the FAC that, in detail, sets forth the time, place, or contents of a predicate act. Instead, Plaintiffs contend that "[t]he FAC's many paragraphs of specific allegations—which will not be recited here due to limited briefing space—amount to [a] RICO pattern." (*Id.* (internal quotation marks omitted).)

The Court will not scour through Plaintiffs' 185 paragraphs of allegations to piece together the facts needed to support the remaining elements of their RICO claims. If Plaintiffs seek to sufficiently state a claim for civil RICO violations, they may do so in an amended pleading. *See* Fed. R. Civ. P. 8(a) (requiring a "short and plain statement" of the claim). Accordingly, Defendants' Motion is **GRANTED in part** and Plaintiffs' civil RICO claims (Counts I–III) are **DISMISSED** with leave to amend.

5. *Elder Abuse*

Defendants contend that Plaintiffs fail to state a claim against FortiFi for financial elder abuse because the allegations do not show "intent" to defraud an elder, or wrongful use of an elder's property. (Mot. 21.)

Under the Elder Abuse Act, financial elder abuse occurs when a person "obtains, or retains real or personal property of an elder[4] or dependent adult for a wrongful use or with intent to defraud, or both," or obtains such property "by undue influence." Cal. Welf. & Inst. Code §§ 15610.30(a)(1) and (3). An entity obtains property for a wrongful use if the entity "knew or should have known that [its] conduct [was] likely to be harmful to the elder." *Id.* § 15610.30(b).

---

[4] "Elder" means any person in California over the age of 65. Cal. Welf. & Inst. Code § 15610.27.

First, Plaintiffs correctly point out that it is not necessary to allege "intent" to state a claim for financial elder abuse. *See Stebley v. Litton Loan Servicing, LLP*, 202 Cal. App. 4th 522, 527 (2011) ("[I]ntent to defraud is no longer required in elder or dependent adult abuse cases."). Second, Plaintiffs adequately allege that FortiFi retained their personal property for a wrongful use. Specifically, Plaintiffs allege that FortiFi knew or should have known that they were elders, and that Plaintiffs' PACE Loan application was fraudulent. (FAC ¶¶ 47–52, 150.) Plaintiffs repeatedly complained to FortiFi (by phone and in writing), and provided FortiFi information demonstrating Plaintiffs never applied for a PACE Loan. (*Id.* ¶ 88.) Nevertheless, FortiFi retained over $7,000 that Plaintiffs paid to avoid delinquency, and FortiFi should have known that the retention of that money was likely to cause Plaintiffs harm. (*Id.*) The Court finds these allegations sufficient to state a claim for financial elder abuse.

Accordingly, Defendants' Motion is **DENIED in part** to the extent Defendants seek to dismiss Plaintiffs' elder abuse claim (Count IV).

6. *Violations of the California Business and Professions Code*

Defendants contend that Plaintiffs' claim for violations of Business and Professions Code section 7159 fails because that section of the code is inapplicable to the PACE Loans. (Mot. 21 (citing Cal. Bus. & Prof. Code § 7159).) Here, Defendants are correct. Section 7159.2 provides that "[w]hen the proceeds of a loan *secured by a mortgage on real property* are used to fund goods or services pursuant to a home improvement goods or services contract . . . the [entity] making the loan shall only pay a contractor" from the proceeds of the loan by the methods listed in the statute. (Emphasis added). The PACE Loans at issue in this case concern property tax liens, (*see* FAC ¶¶ 23–24), not mortgages on real property. Therefore, even viewing the allegations in the light most favorable to Plaintiffs, it does not appear that this section of the Business and Professions Code applies to this case.

Accordingly, Defendants' Motion is **GRANTED in part** to the extent Defendants seek to dismiss Plaintiffs' claim for violations of the California Business and Professions Code (Count V). The Court **DENIES** leave to amend. *See Manzarek v. St. Paul Fire*, 519. F.3d at 1034.

### 7. Procedural Due Process Under § 1983

In Count VIII, Plaintiffs allege that the County, acting under the color of law, deprived Plaintiffs of personal property in violation of the Fourteenth Amendment. (FAC ¶¶ 171–177.)

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements, first, that a right secured by the Constitution and laws of the United States was violated, and second, that the deprivation was committed by a person acting under color of state law." *Teixeira v. Hanneman*, No. CV17-6673 PSG (KSx), 2018 WL 5903917, at *2 (C.D. Cal. May 30, 2018) (internal quotation marks omitted) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)). Municipalities and other local government units are among those "persons" to whom § 1983 liability applies. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).

An authorized intentional deprivation of property pursuant to an established policy or procedure is actionable under the Due Process Clause of the Fourteenth Amendment. *Hudson v. Palmer*, 468 U.S. 517, 532 (1984). However, allegations of random acts or isolated events are insufficient to demonstrate an established policy or procedure. *See Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1996).

Defendants fail to provide any valid reason to dismiss this claim. Nevertheless, the Court *sua sponte* dismisses Count VIII for failure to state a claim. *See Basile v. L.A. Film School, LLC*, 827 F. App'x 649, 652 (9th Cir. 2020) ("A court may dismiss an action *sua sponte* under Rule 12(b)(6) when it is clear that the plaintiff has not stated a claim on which relief can be granted.") (citing *Omar v. Sea-Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987)). "Such a dismissal may be made without notice

where the claimant cannot possibly win relief." *Omar*, 813 F.2d at 991 (citing *Wong v. Bell*, 642 F.2d 359, 361–62 (9th Cir. 1981)).

Here, Plaintiffs' allegations fail to sufficiently allege that the County deprived Plaintiffs of a constitutional right pursuant to an established policy or procedure by levying and collecting their property taxes. Plaintiffs allege that they were deprived of money and equity in their property because two salespeople from non-party Eco Tech submitted falsified documents and applied for a PACE Loan without Plaintiffs' permission. (FAC ¶ 42.) The County billed and collected Plaintiffs' property tax pursuant to that fraudulent PACE Loan. (*Id.* ¶¶ 47–55.) Plaintiffs then attempt to turn these allegations into a § 1983 claim against the County, but Plaintiffs fail to sufficiently identify any policy or custom that was the moving force behind the alleged constitutional violations. The Court finds that these allegations fail to state a § 1983 claim for violation of the Fourteenth Amendment.

Accordingly, the Court *sua sponte* **DISMISSES** this claim (Count VIII). The Court grants Plaintiffs leave to amend.

### 8.    *42 U.S.C. § 1983 Facial Challenge*

In Count IX, Plaintiffs assert a facial challenge to California's PACE statutes, alleging that the statutes are a violation of procedural due process under the Fourteenth Amendment. (FAC ¶¶ 178–180.) Defendants attempt to challenge this claim by conducting a "rational basis" analysis in their Motion. (Mot. 24–25.) Plaintiffs correctly point out that the "rational basis" test is used to determine compliance with the *Equal Protection Clause*, not the Due Process Clause. *See, e.g., Hotop v. City of San Jose*, 982 F.3d 710, 717 (9th Cir. 2020). Defendants attempt to cure this deficiency by conducting the more appropriate due process analysis in their Reply brief, but this is insufficient to supplement the inappropriate arguments raised in their initial Motion. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

Accordingly, Defendants Motion is **DENIED** to the extent Defendants seek to dismiss Plaintiffs' facial challenge to the PACE statutes (Count IX).

**C.  Summary**

In sum, the Court finds that the majority of Defendants' arguments and purported grounds for dismissal are flawed or entirely misplaced. For the reasons discussed above, the Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 29) as follows:

1. Defendants' Motion is **DENIED IN PART** to the extent Defendants claim Plaintiffs' action is barred by the litigation privilege;

2. Defendants' Motion is **DENIED IN PART** to the extent Defendants claim Plaintiffs have no private right of action;

3. Defendants' Motion is **DENIED IN PART** to the extent Defendants claim Plaintiffs failed to exhaust purported administrative remedies;

4. Defendants' Motion is **GRANTED IN PART** and Plaintiffs' civil RICO claims (Counts I–III) are **DISMISSED** with leave to amend;

5. Defendants' Motion is **DENIED IN PART** to the extent Defendants seek to dismiss Plaintiffs' claim for elder abuse (Count IV);

6. Defendants' Motion is **GRANTED IN PART** to the extent Defendants seek to dismiss Plaintiffs' claim for violations of the California Business and Professions Code (Count V) and the Court **DENIES** leave to amend;

7. Defendants' Motion is **DENIED IN PART** and the Court **SUA SPONTE DISMISSES** Plaintiffs' § 1983 claim against the County (Count VIII) with leave to amend;

8. Defendants' Motion is **DENIED IN PART** to the extent Defendants seek to dismiss Plaintiffs' § 1983 facial challenge to the PACE statutes (Count IX).

Next, the Court turns to Defendants' Motion to Strike Class Allegations, which was filed concurrently with the Motion to Dismiss.

## IV.  MOTION TO STRIKE CLASS ALLEGATIONS

Defendants move to strike Plaintiffs' class allegations and argue that it is appropriate to do so at this early stage "rather than wait for a motion to certify the class at some later date." (Mot. Strike 2.)

Under Rule 12(f), the court may strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). "Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003); *see also Sapiro v. Encompass Ins.*, 221 F.R.D. 513, 518 (N.D. Cal. 2004) ("Courts have long disfavored Rule 12(f) motions, granting them only when necessary to discourage parties from making completely tendentious or spurious allegations.").

"In ruling on a motion to strike under Rule 12(f), the court must view the pleading in the light most favorable to the nonmoving party." *Cholakyan v. Mercedes-Benz USA, LLC*, 796 F. Supp. 2d 1220, 1245 (C.D. Cal. 2011). "Thus, 'before granting such a motion, the court must be satisfied that there are no questions of fact, that the claim or defense is insufficient as a matter of law, and that under no circumstance could it succeed.'" *Id.* (quoting *Tristar Pictures, Inc. v. Del Taco, Inc.*, No. CV 99-07655-DDP (Ex), 1999 WL 33260839, at *1 (C.D. Cal. Aug. 31, 1999)) (alterations omitted).

Defendants Motion to Strike Class Allegations is based is on several grounds, including: (1) the PACE participants cannot be a class, and (2) the allegations in the

FAC do not satisfy the requirements of Rule 23(a) or (b). (*See generally* Mot. Strike) In opposition, Plaintiffs raise several arguments, including that Defendants' Motion is premature. (Opp'n Mot. Strike 8–10.) Plaintiffs are correct.

Although some courts have granted motions to strike class allegations under Rule 12(f), "it is in fact rare to do so in advance of a motion for class certification." *Cholakyan*, 796 F. Supp. 2d at 1245 (collecting cases). "Striking class allegations prior to a formal certification motion is generally disfavored due to the lack of a developed factual record." *Pepka v. Kohl's Dep't Stores, Inc.*, No. CV-16-4293-MWF (FFMx), 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016). As this Court previously acknowledged, "[c]ourts are hesitant to strike class allegations before the parties have had an opportunity to go through the class certification process." *Portillo v. ICON Health & Fitness, Inc.*, No. 2:19-cv-01428-ODW (PJWx), 2019 WL 6840759, at *6 (C.D. Cal. Dec. 16, 2019).

Here, given the early stage of the proceedings, it is premature to say whether the matter should proceed as a class action. It does not appear that discovery has commenced and no motion for class certification has been filed. At this stage, even if there are issues with the proposed class, it cannot be said that there are no circumstances in which the proposed class could succeed. *See In re Wal-Mart Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615–16 (N.D. Cal. 2007) (declining to rule on defendant's motion to dismiss or strike class allegations at the pleadings stage because, even though "plaintiffs' class definitions are suspicious and may in fact be improper, plaintiffs should at least be given the opportunity to make the case for certification based on appropriate discovery.") Accordingly, Defendants' Motion to Strike is premature at this early stage and is more properly decided on a motion for class certification after the parties have had an opportunity to conduct discovery, develop a record, and brief the issues.

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Strike Class Allegations. (ECF No. 30.)

## V. CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Strike Class Allegations (ECF No. 30). The Court **GRANTS IN PART AND DENIES IN PART** Defendants' Motion to Dismiss (ECF No. 29) as outlined above. If Plaintiffs choose to file a second amended complaint ("SAC"), they must do so no later than **twenty-one (21) days** from the date of this Order. If Plaintiffs file a SAC, Defendants must file their responses no later than **fourteen (14) days** from the date of the SAC filing. Plaintiffs' failure to file a SAC will convert the dismissal of Counts I–III, and VIII to one with prejudice.

**IT IS SO ORDERED.**

July 30, 2021

_____

**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**